# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 19-cr-30034-SMY |
| EUGENE FALLS, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Eugene Falls is charged in a Second Superseding Indictment with attempted possession of methamphetamine with the intent to distribute, conspiracy to distribute and possess with the intent to distribute controlled substances, distribution of heroin, and money laundering (Doc. 80). The Federal Public Defender's ("FPD") Office entered an appearance on behalf of the Defendant prior to his arraignment (Doc. 6). On September 19, 2019, following an oral motion to withdraw as attorney by the FPD's Office, the Court appointed CJA panel attorney Stephen C. Williams to represent Defendant (Doc. 66).

Now before the Court is Attorney Williams' Motion to Withdraw as Counsel and For Defendant to Proceed *Pro Se* (Doc. 75). A hearing on the Motion was conducted on November 6, 2019 (Doc. 93). For the following reasons and those stated on the record, the Motion is **GRANTED**.

The Sixth Amendment to the United States Constitution provides a defendant the right to conduct his own defense. *Faretta v. California*, 422 U.S. 806 (1975). Faced with a defendant insistent upon self-representation, a district court should make an inquiry to satisfy itself that the defendant is indeed competent to represent himself. *See Faretta*, 422 U.S. at 835-36; *United States*

*v. Berry*, 565 F.3d 385, 386-87 (7th Cir. 2009). In order to proceed *pro se*, a defendant must demonstrate a knowing and intelligent waiver of his right to counsel. *See United States v. Clark,* 774 F.3d 1108, 1112 (7th Cir. 2014). A valid waiver must also be voluntary and unequivocal. *Clark,* 774 F.3d at 1112.

Factors to be considered include: a defendant's education or sophistication, the complex or easily grasped nature of the charge(s), and the stage of the proceeding. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). A proper colloquy should also include a discussion of the defendant's understanding of the charges and potential penalties, his exposure to prior criminal proceedings, and his understanding of the technical aspects of trial practice. *See U.S. v. Cooper,* 591 F.3d 582, 587 (7th Cir. 2010). It is a trial judge's duty to determine that a defendant gives a knowing and voluntary waiver with his "eyes wide open," but it is not a burden on the defendant to establish that his choice is knowing and voluntary. *Imani v. Pollard*, 826 F.3d 939, 944 (7th Cir. 2016).

Defendant Falls attended school through the tenth grade. He can read, write and understand the English language. He contends that he has been studying the law while incarcerated, is familiar with the Federal Rules of Evidence and Federal Rules of Criminal Procedure, and believes he can represent himself in this matter. Defendant asserts that he previously represented himself in a state court criminal matter in which he ultimately pled guilty.

The Court informed Defendant of the general nature of the offense charged and the possible penalties if he is convicted; that there are technical rules of evidence and procedure with which he will be obligated to comply; and that he will not be given special consideration because of his lack of legal training or legal experience. In the face of these cautionary notes, Defendant advised that he still desires to proceed *pro se*.

After conducting the requisite colloquy, the Court finds that Defendant understands the implications and dangers of self-representation. The Court further finds that Defendant is

knowingly and intelligently electing to proceed *pro se* even after being cautioned against that decision. The Defendant's decision is also voluntary and unequivocal. Accordingly, the Motion to Withdraw as Counsel and For Defendant to Proceed *Pro Se* (Doc. 75) is granted.

### Order Regarding Standby Counsel

Although Defendant has knowingly and intelligently waived his right to counsel, the Court finds that the appointment of standby counsel is necessary to assist Defendant through the complexities of courtroom protocol and procedure. *See United States v. Irorere,* 228 F.3d 816, 828, n.2 (7th Cir. 2000) quoting *Hall v. Washington*, 106 F.3d 742, 751 (7th Cir. 1997) (when a criminal defendant decides to proceed *pro se*, it is generally advisable for the district court to appoint "shadow counsel" to be available to assist the defendant if needed). Accordingly, the Court has appointed CJA panel attorney Paul E. Sims of Sims & Bailey LLC to serve as Defendant's Standby Counsel.

Standby Counsel does not represent the Defendant. Counsel bears no responsibility for presenting a defense. Instead, Defendant exercises actual control over the case. Defendant will be permitted to control the organization and content of his defense, to make motions, to argue points of law, the participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial. *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). Absent Defendant's consent or instruction, standby counsel will remain a silent courtroom observer and will not interfere with Defendant's presentation of his case. *United States v. Mack,* 2013 WL 4495641, at *2 (N.D. Ill. Aug. 21, 2013). Unless Defendant withdraws his request to represent himself or the Court otherwise directs, Standby Counsel must not act in any manner which would destroy the jury's perception that Defendant is representing himself. *McKaskle*, 465 U.S. at 178.

With these principles in mind, the Court sets forth the following guidelines regarding the responsibilities of Standby Counsel:

Standby Counsel shall perform the following:
- Attend all proceedings;
- Explain courtroom procedure and rules to the Defendant;
- Track exhibits admitted into evidence;
- Explain relevant legal concepts;
- At the Defendant's request, provide opinions regarding trial strategy and potential objections;
- Appear at sidebar (with or without the Defendant at the Court's discretion); and
- Perform any other reasonable case-related actions at the Court's instruction

Standby Counsel is **prohibited** from the following:
- Giving opening or closing argument;
- Speaking for or making arguments on behalf of the Defendant;
- Direct or cross-examining witnesses;
- Making objections or motions during trial;
- Preparing written motions or documents for the Defendant;
- Speaking for the Defendant in the presence of the jury; and
- Communicating with the Court outside the presence or knowledge of the Defendant

The Court may, as needed, issue specific instructions when necessary to implement the general principles of this Order.

**IT IS SO ORDERED.**

**DATED:  November 7, 2019**

**STACI M. YANDLE
United States District Judge**