IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30034-SMY |
| | ) |
| | ) |
| EUGENE FALLS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Eugene Falls' pro se Motion to Dismiss the Indictment (Doc. 161) and Motion to Correct Record (Doc. 162), which the Government moves to strike (Doc. 163). For the following reasons, the Government's motion is **DENIED** and Defendant's motions are **DENIED**.

Falls, who is proceeding *pro se* with standby counsel, was indicted on March 19, 2019 on the charge of attempted possession of methamphetamine with the intent to distribute (Count 1). The indictment was twice superseded on May 21, 2019 and October 23, 2019 to add charges of conspiracy to distribute and possess with the intent to distribute controlled substances (Count 2), distribution of heroin (Count 3), and money laundering (Count 11) (Docs. 15 and 80). This case is currently set for jury trial on August 3, 2020.

The Court agrees with the Government that Falls' motions are untimely. The deadline for filing pretrial motions was May 7, 2019 (Doc. 7) and Falls has not established good cause for his

late motions as required by Rule 12(c)(3).  That said, the interests of justice warrant a resolution of the motions on the merits.

In his Motion to Dismiss, Falls argues that the indictment fails to state a claim, charges multiple same acts or transactions based on prosecutorial vindictiveness, and violates various constitutional amendments.  An indictment is sufficient if it states all the elements of the offense charged, informs the defendant of the nature of those charges enabling the defendant to prepare a defense, and is sufficiently specific to enable the defendant to assess any double jeopardy issues that may arise.  *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995).  The Second Superseding Indictment satisfies these requirements and Falls fails to provide any legal basis for the remaining grounds for dismissal he asserts.

With respect to his Motion to Correct Record, Falls challenges the name under which he was charged and the subject matter jurisdiction of the Court.  Defendant's position and arguments, grounded in his purported status as a "sovereign citizen", are unsupported under law and frivolous. "[D]istrict judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law."  *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original; citing 18 U.S.C. § 3231).

For the foregoing reasons, the Government's Motion to Strike (Doc. 163) is **DENIED** and Falls' Motion to Dismiss (Doc. 161) and Motion to Correct Record (Doc. 162) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 16, 2020**

**STACI M. YANDLE**
**United States District Judge**