IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cr-30034-SMY |
| | ) | |
| EUGENE FALLS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by the United States of America ("the Government") (Docs. 197-200). Defendant Eugene Falls has not filed responses. The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984) ("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287; *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Rather, denial reflects the fact that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440. And, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*.

With these principles in mind, the Court rules as follows.

### Government's Motion in Limine No. 1 (Doc. 197)

The Government moves to bar any mention of Defendant's penalties associated with Defendant's possible conviction. The Government notes that upon conviction of Count 1 or 2, Defendant's sentencing range is not less than 15 years to life imprisonment based on his enhancement. Count 3 carries a possible statutory sentencing range of not more than 30 years based on his enhancement pursuant to 21 U.S.C. § 851. Finally, as to Count 11, Defendant faces a statutory sentencing range of not more than 20 years if convicted. The penalties for the offenses

also include fines, supervised release terms, and special assessments. The Government argues that evidence or argument regarding the potential penalties could cause the jury to feel sorry for Falls and acquit him, regardless of whether the Government has proven him guilty beyond a reasonable doubt.

A jury should not be advised of any potential penalty to be imposed on a defendant if convicted of the crime charged. *See United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored."). Accordingly, the motion is **GRANTED** as to any references to the penalties Defendant faces if convicted.

### *Government's Motion in Limine No. 2 (Doc. 198)*

The Government moves to bar any argument regarding an affirmative defense or jury nullification defense. The Government notes that Defendant has made no proffer of evidence related to an affirmative defense of entrapment, necessity, duress, or coercion. It specifically seeks to exclude any argument or suggestion that the reverse buy operation or other investigative tactics that were used in this case were improper, unfair to Defendant, or constituted "outrageous government conduct." The motion is **GRANTED**.

### *Government's Motion in Limine No. 3 (Doc. 199)*

The Government moves to exclude evidence or argument relating to the defenses of insanity and public authority. Federal Rules of Criminal Procedure 12.2 requires that a defendant provide the Government with notice of any defense to be raised of a mental defect inconsistent with the state of mind required for the offense charged. And, Rule 12.3 requires notice of the defense of public authority. Neither Defendant nor his previous counsel has notified the Government of his intent to raise any such defense. Accordingly, the motion is **GRANTED**.

*Government's Motion in Limine No. 4 (Doc. 200)*

Citing, *Adorno v. Melvin*, 876 F.3d 917, 922 (7th Cir. 2017) (Bauer, J. concurring) and *United States v. Hatfield*, 591 F.3d 945, 949 (7th Cir. 2010), the Government moves to prohibit any attempts by the Defendant to define reasonable doubt for the jury. As it is inappropriate for the term "reasonable doubt" to be defined to the jury, the motion is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 24, 2021

**STACI M. YANDLE**
**United States District Judge**