**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 19-cr-30034-SMY |
| | ) |
| EUGENE FALLS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Eugene Falls was indicted on March 19, 2019 and charged with attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii) (Doc. 1)[1].  Following Falls' arraignment before Magistrate Judge Mark Beatty on March 26, 2019, Judge Beatty entered an "Order Regarding Pretrial Discovery and Motion Practice" which set the deadline for filing pretrial motions, including motions to suppress, for no later than 42 days of the arraignment (Doc. 7).  That deadline expired on May 7, 2019, and neither Falls nor his previous counsel sought an extension of the deadline.

Now pending before the Court is Falls' "Motion for Leave for Suppress All Evidence Obtained and Derived from Facially Insufficient Warrant Title III and Any Custodial Statements Obtained", filed on March 16, 2021 (Doc. 253).  The Government has responded in opposition to the motion (Doc. 254).  For the following reasons, the motion is **DENIED**.

---

[1] After a superseding and second superseding indictment, Falls is now charged with attempted possession with intent to distribute methenamine (Count 1ss); conspiracy to possess with intent to distribute controlled substances (Count 2ss); distribution of controlled substance heroin (Count 3sss); and money laundering conspiracy (Count 11ss) (Doc. 80)

A motion to suppress must be filed within the deadline set by the district court, but the court may accept a late motion if the defendant shows good cause for the untimely submission. Fed.R.Crim.P. 12(b)(3)(C), (c)(1), (c)(3); *United States v. Suggs*, 703 F. App'x 425, 428 (7th Cir. 2017).  In this case, the deadline to seek suppression elapsed on May 7, 2019.  Nothing in the record indicates that the basis for the suppression motion was just recently discovered, that the basis for the motion could not have been discovered earlier, or that the need for a suppression motion came as a surprise to Falls.  In fact, Falls was aware of the existence and content of the Title III evidence as early as June 5, 2019 through a discovery letter sent to his first attorney, Todd Schultz.  Several other discovery letters informed Falls, either directly or through counsel, that Title III court records from the Eastern District of Missouri were in the custody of the Government and available for his inspection upon request.  Falls has not shown good cause for his untimely request – filed less than a month before the commencement of trial.

Moreover, the motion is clearly without merit.  Falls asserts that the interception order in this case was insufficient on its face under 18 U.S.C. § 2518(10)(a)(ii) because it was issued within the Eastern District of Missouri and outside of this Court's jurisdiction.  However, under the specific language of 18 U.S.C. § 2518(3), a district judge may "authoriz[e] or approv[e] interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting."  Here, the wire monitoring room utilized by the Drug Enforcement Administration is located in St. Louis, Missouri, within the jurisdiction of the Eastern District of Missouri.  And, all intercepted communications were first heard or read and minimized within that district.  As such, a district judge sitting in the Eastern District of Missouri was the proper authority to review and ultimately approve the Title III wiretap application in this matter. *See United States v. Henley*, 766 F.3d 893, 911-912 (8th Cir. 2014).

For the foregoing reasons, Defendant's motion (Doc. 253) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 25, 2021**

**STACI M. YANDLE**
**United States District Judge**