IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19–cr-30034-SMY |
| | ) |
| EUGENE FALLS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Eugene Falls is charged with attempted possession with intent to distribute methamphetamine (Count 1); conspiracy to distribute and possess with intent to distribute methamphetamine, heroin, cocaine, and cocaine base (Count 2); distribution of heroin (Count 3); and money laundering conspiracy (Count 11).

Now pending before the Court are the following motions: Defendant's Motion to Dismiss for Speedy Trial Act Violation (Doc. 261), Defendant's Objection to All Indictments and Motion to Dismiss (Doc. 262), Defendant's Motion to Dismiss Indictment under Rule 12 (Doc. 271), Defendant's Motion According to Rule 5.1 FRCP Constitutional Challenge to a Statute (Doc. 274), and the Government's Motion *in Limine* to Admit Recordings (Doc. 280). For the following reasons and as stated on the record during the April 8, 2021 status conference, the Court rules as follows:

**Motion to Dismiss for Speedy Trial Act Violation (Doc. 261)**

Falls asserts a violation of the Speedy Trial Act and moves for dismissal. The Speedy Trial Act provides that no more than seventy (70) days may elapse between a defendant's initial

appearance in court and the commencement of trial. 18 U.S.C. § 3161(c)(1). When more than one defendant is charged in an indictment, the speedy trial clock begins to run on the date of the last co-defendant's initial appearance, which is usually arraignment. *United States v. Farmer*, 543 F.3d 363, 368 (7th Cir. 2008). In calculating the speedy trial clock, the Act specifically excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). The Act also excludes any reasonable time lapse occurring "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7); *see Henderson v. United States,* 476 U.S. 321, 323 n. 2 (1986) (noting that in multi-defendant cases, the seventy-day clock does not begin until the last co-defendant has been arraigned).

The Court finds no speedy trial violation in this case. Falls was indicted on March 26, 2019, but his co-defendant Manuel Gonzalez-Sarabia was not arraigned until December 11, 2019. Multiple motions to continue filed by the defendants tolled the speedy trial clock between December 2019 until October 13, 2020. The Court reset the October 2020 trial date to January 11, 2021 in light of the public health dangers associated with the COVID-19 pandemic and pursuant to 18 U.S.C. § 3161(h)(7)(A). Similarly, due to the continued dangers associated with COVID-19, the January 11, 2021 trial was reset to April 12, 2021. Each aforementioned continuance tolled the speedy trial clock. Accordingly, the Motion is **DENIED**.

**Objection to All Indictments/Motion to Dismiss (Doc. 262) and Motion According to Fed.R.Crim.P. 5.1 – Constitutional Challenge to a Statute (Doc. 274)**

Falls contends that federal jurisdiction does not exist in this case because he never signed a DEA Form 224[1] and never entered into a contract with the Attorney General, DEA or DOJ. He also asserts that the term "any person" in § 841(a) exceeds Congress' enumerated powers and is inconsistent with congressional intent. Falls requests the Government produce before trial any forms or contracts or other obligations between defendant and the Attorney General, DEA, or Department of Justice.

The Supreme Court has held that "by its terms § 841 reaches 'any person.'" In *United States v. Moore*, 423 U.S. 122 (1975); *United States v. Lendmann,* 757 F.2d 916, 918 (7th Cir. 1985) (under a plain reading of the statutes, any person who is not registered by the Attorney General for a given substance is not authorized to manufacture it, and thus is not exempt from prosecution…). Here, Falls has been properly charged with violations of § 841 – which makes it unlawful for any person to knowingly or intentionally manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. Accordingly, the motions are **DENIED**.

**Motion to Dismiss Indictment Under Rule 12 (Doc. 271)**

Falls moves to dismiss the indictment asserting that Count 2 is duplicitous because it lists 4 different controlled substances. He also asserts that "Count 1, Count 2, Count 11 each charge conspiracy which violates Rule 12." *Id*. In the Second Superseding Indictment, Falls is charged with attempted possession with intent to distribute methamphetamine (Count 1); conspiracy to

---

[1] -The DEA Form 224a is used to document the destruction of controlled substances and for pharmacies to dispense controlled substances.

distribute and possess with intent to distribute methamphetamine, heroin, cocaine, and cocaine base (Count 2); distribution of heroin (Count 3); and money laundering conspiracy (Count 11).

"Duplicity is the joining of two or more offenses in a single count." *United States v. Hughes,* 310 F.3d 557, 560 (7th Cir. 2002) (quoting *United States v. Marshall,* 75 F.3d 1097, 1111 (7th Cir. 1996)). Multiplicity is the charging of a single offense in separate counts of an indictment. *United States v. Allender,* 62 F.3d 909, 912 (7th Cir. 1995) (citing *United States v. Gonzalez,* 933 F.2d 417, 424 (7th Cir. 1991)). "The traditional test of multiplicity determines whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." *United States v. Starks*, 472 F.3d 466, 468–69 (7th Cir. 2006).

There is no multiplicity here because each of the counts require proof of different facts. Additionally, an indictment charging conspiracy in one count and individual substantive crimes in furtherance of the conspiracy in separate counts is proper because a conspiracy is a distinct crime from the overt acts that support it. *See United States v. Felix,* 503 U.S. 378, 389–92 (1992). Accordingly, the motion is **DENIED**.

### Government's Motion *in Limine* to Admit Recordings (Doc. 280)

The Government moves *in limine* to admit audio and video recordings of telephone calls and in-person meetings between confidential informants ("CIs") and Falls. The Government will admit the recordings through a law enforcement witness. The recorded conversations include statements made by Falls and the CIs, but the Government asserts that only statements made by Falls will be offered for the truth of the matters asserted.

To admit the recordings, the Government must prove, by clear and convincing evidence, that the proffered tape is a true, accurate and authentic recording of the conversation between the

parties. *United States v. Westmoreland*, 312 F.3d 302, 311 (7th Cir. 2002). The Government may utilize the testimony of a law enforcement witness who testifies that he/she listened to the recorded conversation live, that the recordings were not altered or edited, and that he can identify the participants of the conversation. However, absent Falls' stipulation to foundation, the Court cannot preemptively authenticate or rule that a proper foundation has been laid.

Further, at this juncture the Court cannot determine whether the Cis' recorded statements violate the Confrontation Clause. The Sixth Amendment guarantees a defendant "the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. "Admitting a witness's out-of-court testimonial statements when that witness is available to testify violates the accused's Sixth Amendment right of confrontation, but not when those statements are offered for a purpose 'other than establishing the truth of the matter asserted'. *United States v. Gaytan*, 649 F.3d 573, 579 (7th Cir. 2011); *United States v. Macari,* 453 F.3d 926, 941 (7th Cir. 2006) (It is well-settled that statements that are offered for context, and not for the truth of the matter asserted, are not hearsay as defined in Rule 801 of the Federal Rules of Evidence). However, admitting a CI's out-of-court statements may implicate the Confrontation Clause if the circumstances suggest that the informant used those statements to essentially put words in Defendant's. *Gaytan*, 649 F.3d at 580. Here, the Court cannot make this determination without reviewing the transcripts of the recordings. Accordingly, the motion is **DENIED**. The Government is **ORDERED** to provide the Court with transcripts of the recordings by April 12, 2021.

### Government's Oral Motion *in Limine* to Prohibit Criminal History Outside the Scope of Rule 609 of the Federal Rules of Evidence

During the April 8, 2021 status conference, the Government indicated that it intends, pursuant to Rule 609, to introduce all witnesses' admissible prior criminal history during direct examination. The Government moves for an order prohibiting Falls from asking any additional

questions or introducing any additional criminal history evidence that is outside the scope of Rule 609.  The motion is **GRANTED**.  Following the Government's direct examination of these witnesses, if Falls believes that there is additional criminal history or convictions that are relevant, he is **ORDERED** to inform the Court before proceeding with cross-examination.  Any issues will be addressed during a sidebar.

    **IT IS SO ORDERED.**

    **DATED: April 9, 2021**

                                                 **STACI M. YANDLE**
                                                 **United States District Judge**